**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2039

ROGER LEE MORSE,

Plaintiff - Appellant,

v.

VIRGINIA DEPARTMENT OF CORRECTIONS; CHADWICK DOTSON, in his individual and official capacity as Director for the Virginia Department of Corrections; PATRICIA S. BISHOP, in her individual and official capacity as Director for the Virginia Retirement System; JOSEPH WALTERS, in his individual and official capacity as Deputy Director of Administration for Virginia Department of Corrections; BETH CABELL, in her individual and official capacity as Warden; TONY DARDEN, in his Individual and official capacity as Assistant Warden; KEVIN CLARK, in his individual and official capacity as Major, Correctional Officer; CHRISTOPHER M. GRAB; WILLIAM MUSE, in his individual and official capacity as Hearing Officer for the Office of Employment Dispute Resolution; CARL W. SCHMIDT, in his individual and official capacity as Hearing Officer for the Office of Employment Dispute Resolution; ROBIN H. LOW, in her individual and official capacity as Supervisor of Purchase of Prior Service for the Virginia Retirement System,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:21-cv-00168-MHL)

Submitted:  February 22, 2024                    Decided:  February 26, 2024

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

———————————

Roger Lee Morse, Appellant Pro Se.  Ronald Nicholas Regnery, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Lee Morse seeks to appeal the district court's order dismissing Morse's second amended civil complaint pursuant to Fed. R. Civ. P. 41(b), and denying Morse's motion for the appointment of counsel. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its dispositive order on August 11, 2023. Morse did not file his notice of appeal until October 2, 2023, which was 21 days after the appeal period expired, but within the 30-day excusable neglect period. Morse's notice of appeal and informal reply brief contain language that we liberally construe as a request for an extension of time to appeal. Accordingly, we remand the case to the district court for a determination of whether Morse can establish excusable neglect or good cause warranting an extension of the 30-day appeal period.* The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

* Under Rule 4(a)(5), the district court may extend the time to appeal if (i) a party moves for an extension of time within 30 days of the expiration of the appeal period and (ii) shows excusable neglect or good cause.